08-5426-cr
USA v. Green

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

- - - - - -

August Term, 2009

(Argued: October 20, 2009          Decided: February 17, 2010)

Docket No. 08-5426-cr

_____

UNITED STATES OF AMERICA,

Appellee,

- v. -

ANDRE GREEN,

Defendant-Appellant.

_____

Before: KEARSE, WINTER, and POOLER, Circuit Judges.

Appeal from postjudgment orders of the United States District Court for the Western District of New York, Charles J. Siragusa, Judge, declining to reduce defendant's previously agreed-upon 145-month term of imprisonment upon his motion for a reduction pursuant to 18 U.S.C. § 3582(c)(2) in light of United States Sentencing Commission amendments to sentencing guidelines for offenses related to crack cocaine.

Affirmed.

STEPHAN J. BACZYNSKI, Assistant United States Attorney, Buffalo, New York (Terrance P. Flynn, United States Attorney for the Western District of New York, Kathleen M. Mehltretter, Assistant United States Attorney, Buffalo, New York, on the brief), for Appellee.

MARYBETH COVERT, Buffalo, New York (Federal Public Defender's Office, Western District of New York, Buffalo, New York, on the brief), for Defendant-Appellant.

KEARSE, Circuit Judge:

Defendant Andre Green, who, pursuant to a plea bargain, pleaded guilty to possessing crack cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C), and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), and was sentenced principally--as agreed with the government--to 145 months' imprisonment, appeals from an initial order and a final amended order of the United States District Court for the Western District of New York, Charles J. Siragusa, Judge, denying his motion pursuant to 18 U.S.C. § 3582(c)(2) for a reduction of his prison term to less than 145 months in light of amendments by the United States Sentencing Commission ("Commission" or "Sentencing Commission") to the advisory Sentencing Guidelines ("Guidelines") which lowered the recommended imprisonment ranges for offenses related to crack cocaine. In its final amended order, the district court denied Green's motion on the ground that the sentence imposed had already effectively reduced Green's crack-cocaine-related Guidelines offense level. On appeal, Green seeks a remand for reconsideration of his § 3582(c)(2) motion, contending that the denial of the motion was procedurally flawed because the court (a) in its final amended order failed to determine Green's Guidelines offense level and imprisonment range

- 2 -

in light of the crack cocaine guidelines revisions, (b) in each order relied on an erroneous articulation of fact, and (c) in both orders failed to take into account an error in the calculation of his original sentence. For the reasons that follow, we conclude that these contentions are moot. As we conclude that the district court sentenced Green pursuant to a plea agreement governed by Fed. R. Crim. P. 11(c)(1)(C), we affirm the denial of Green's motion in light of this Court's ruling in United States v. Main, 579 F.3d 200, 203 (2d Cir. 2009) ("Main"), cert. denied, 78 U.S.L.W. 3394 (U.S. Jan. 11, 2010), that a defendant who has been sentenced pursuant to a Rule 11(c)(1)(C) plea agreement is ineligible for a reduction of sentence under § 3582(c)(2).

I.  BACKGROUND

On April 1, 2004, Green was indicted by a federal grand jury on charges of possessing crack cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A) (count 2), conspiring to do so, in violation of 21 U.S.C. § 846 (count 1), and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (count 3). On March 29, 2004, Green had been sentenced in state court in Steuben County, New York, following his plea of guilty to narcotics trafficking in violation of state law. For his state offense, Green was sentenced to 3½ to 10 years' imprisonment and was incarcerated in state prison.

A. Green's Plea and Sentencing in the Present Case

In May 2006, with respect to the federal indictment, Green and the government entered into a plea agreement. The parties agreed that Green would plead guilty to count 3, the firearms charge; that in satisfaction of the count 2 charge of possessing crack cocaine with intent to distribute, he would plead guilty under 21 U.S.C. § 841(b)(1)(C), which carries no statutory minimum prison term, rather than under § 841(b)(1)(A), which carries a 10-year mandatory minimum; and that the government would move to dismiss count 1. With regard to sentencing, the parties agreed that under the advisory Guidelines, the range of imprisonment for Green on counts 2 and 3 combined was 147-168 months. They agreed that "[n]otwithstanding" that calculation,

> it is the <u>agreement of the parties pursuant to Rule 11(c)(1)(C)</u> of the Federal Rules of Criminal Procedure <u>that the Court at the time of sentence impose a 168 month term of imprisonment as part of the appropriate sentence in this case</u>. <u>The parties further agree pursuant to Rule 11(c)(1)(C) that the 168 month sentence be imposed to run concurrent to the sentence imposed against the defendant in Steuben County Court on March 29, 2004</u> for his plea of guilty to Criminal Possession of Controlled Substances 3d, with Intent to Sell. If, after reviewing the presentence report, the Court rejects this agreement, the defendant shall then be afforded the opportunity to withdraw the plea of guilty and the parties shall then be afforded the right to void the agreement.

(Plea Agreement ¶ 13 (emphases added).)

On the day the plea agreement was entered into, Green appeared in district court before Judge Michael A. Telesca, to whom the case was then assigned, to enter his plea of guilty. The

- 4 -

parties disclosed the terms of the plea agreement in open court. (See Transcript of Plea Hearing, May 25, 2006 ("Plea Tr."), at 3-6.) Judge Telesca, after requiring the government to state the factual basis for the plea and engaging Green in a colloquy to ensure that his plea was knowing and voluntary, accepted Green's plea of guilty and scheduled sentencing for August 10, 2006 (see id. at 15). The court postponed its ruling on whether to accept or reject the plea agreement until it received and reviewed a presentence report on Green, stating that it would "go along with [the parties'] understanding" on sentencing as set out in that agreement "unless there [wa]s something startling in that presentencing report." (Id. at 10.)

Green's sentencing hearing was eventually held on November 1, 2006, before Judge Siragusa, to whom the case had been reassigned. Prior to that date, Green completed service of his state-court sentence. Given that Green could no longer serve any part of his federal sentence concurrently with his state sentence, his then-attorney Robert Napier wrote to Everardo Rodriguez, the Assistant United States Attorney ("AUSA") handling the prosecution, and proposed that the parties agree that the appropriate federal prison term for Green would be 145 months. (See e-mail from Robert Napier to AUSA Everardo Rodriguez, dated September 5, 2006 ("Napier e-mail").) Although it does not appear that the government made a written response, the record indicates that the government agreed to Napier's proposal and that the parties met with Judge Siragusa to seek his approval. Thus,

at the sentencing hearing, Judge Siragusa informed Green as follows:

> I . . . at Mr. Napier's request, had an extensive meeting with Mr. Napier on your behalf and Mr. Rodriguez on behalf of the government. We just met again in Chambers. I wanted to make sure I recalled the details of the meeting. Mr. Napier says that despite the fact that you and the government agreed to 168 months in front of Judge Telesca . . . . [d]espite the fact that the sentencing you were recommending with you and the government of 168 months, Mr. Napier said if I went along with that it would be inequitable because the understanding or belief would be that you would somehow get credit for the state sentence. To his credit, Mr. Rodriguez was also convinced by Mr. Napier's argument.

(Sentencing Transcript, November 1, 2006 ("S.Tr."), at 2-3.) The court stated that it approved the change to 145 months:

> The long and the short, I will accept the 11(c)(1)(C) agreement, which is saying I can go along with 168 months, but having been presented with Mr. Napier's statement, I will give you credit for the state sentence and I'll sentence you to a combined total of 145 months.

(Id. at 3.) Pointing out that, at the plea hearing, the ruling on whether to accept or reject the plea agreement had been postponed until Green's presentence report could be reviewed, Judge Siragusa stated that he had reviewed the presentence report "and I can go along with the recommendations and, in fact, as I told you, the sentence that you will receive, because of Mr. Napier's efforts, will even be less, do you understand that?" (Id. at 6.) Green stated that he understood.

The court noted that the advisory Guidelines range of imprisonment for Green's crack distribution and firearms offenses was 147 to 168 months. It stated that, "[h]owever, as you know,

- 6 -

and as I explained, I will give you credit for the time that you've already done on your plea on the state side and reduce your combined incarceration on these federal counts to 145 months." (Id. at 11-12.) Accordingly, the district court sentenced Green to, inter alia, a prison term of 145 months, comprising 85 months on the narcotics count, to be followed by 60 months on the firearms count.

B. Green's § 3582(c)(2) Motion

In November 2007, the Sentencing Commission amended the advisory Guidelines with respect to offenses related to crack cocaine, reducing the base offense level for such crimes (the "crack amendments"), see, e.g., Guidelines Supplement to Appendix C, Amendment 706, as amended by Amendment 711 (eff. Nov. 1, 2007); and it thereafter provided that the courts could consider whether, and to what extent, to apply the crack amendments retroactively, see id. Amendment 713 (eff. Mar. 3, 2008). If the amended crack guidelines had been in effect when Green was sentenced, the range of imprisonment for his combined offenses would have been 130 to 147 months rather than 147 to 168 months. In June 2008, Green moved under 18 U.S.C. § 3582(c)(2) for a reduction in his sentence in light of the crack amendments.

In a one-page Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), dated October 21, 2008 ("Initial Order"), the district court initially purported to grant Green's motion. However, in that order, the court

- 7 -

incorrectly stated that Green had been sentenced to 168 months (rather than 145 months) and, it stated that the imprisonment term "of 168 months **is reduced to** 147 months," Initial Order (emphasis in original). Thus, while purporting to grant a sentence reduction, the Initial Order would actually have made Green's prison term two months longer.

On November 5, 2008, the district court issued an Amended Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) ("Amended Order"), superseding the Initial Order and denying Green's motion. In an Attachment to that order, the court noted that Green had entered his plea of guilty pursuant to Fed. R. Crim. P. 11(c)(1)(C) and that the court had "accept[ed] the plea agreement," Amended Order Attachment. But it stated that

> after reviewing the Presentence Report, the Court, with the consent of the government, sentenced the defendant, not [to] the agreed upon sentence of 168 months, but rather [to] a combined sentence of 145 months to allow credit for a state sentence he was serving. <u>Therefore, the Court[] effectively reduced the defendant's crack cocaine charge offense level . . . which put him at a guideline range of 70-87 months resulting in a guideline range of 145 months</u>.

> The defendant's motion for reduction of sentence is denied.

Id. (emphasis added). This appeal followed.


## II. DISCUSSION


On appeal, Green contends that the district court abused its discretion in denying his motion because (1) in the Amended Order it failed to make amended calculations of his offense level

- 8 -

and Guidelines range (see Green brief on appeal at 15-16); (2) in each order it made erroneous statements of facts--apparently referring, inter alia, to (a) the statement in the Initial Order that Green's original sentence was 168 months, and (b) the suggestion in the Amended Order that the reduction in Green's sentence resulted from a Guidelines-range recalculation prompted by consideration of the severity of the crack guidelines (see id. at 14, 20); and (3) in both orders the court failed to consider an alleged error in its original sentencing decision (see id. at 19-20). The government argues that Green's assertion of error in his original sentence is not cognizable on a motion pursuant to § 3582(c)(2), and that regardless of any claimed procedural errors in the court's treatment of the § 3582(c)(2) motion, Green was not entitled to a reduction of sentence pursuant to § 3582(c)(2) because he was sentenced pursuant to Rule 11(c)(1)(C). In response to the latter argument, Green disputes the government's assertion that he was sentenced pursuant to Rule 11(c)(1)(C).

Although we agree with Green's contention that the district court's stated rationales for the rulings made in its Initial and Amended Orders did not accurately reflect the record, we may affirm a ruling on any ground that is supported by the record, see, e.g., United States v. Dhinsa, 171 F.3d 721, 727 (2d Cir. 1999); and we conclude that all of Green's contentions are moot, as Green was sentenced pursuant to Rule 11(c)(1)(C), and, under our decision in Main, he is therefore ineligible for a sentence reduction pursuant to § 3582(c)(2).

- 9 -

**A. Section 3582(c)(2), Rule 11(c)(1)(C), and the Decision in** Main

Section 3582(c) provides that the district court "may not modify a term of imprisonment once it has been imposed," except in certain specified circumstances. 18 U.S.C. § 3582(c). One exception is made for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Id. Rule 11(c), which addresses plea agreement procedures that are set out more fully in Part II.B. below, provides, inter alia, that "[a]n attorney for the government and the defendant's attorney . . . may discuss and reach a plea agreement," Fed. R. Crim. P. 11(c)(1); that in that agreement the parties may "agree that a specific sentence or sentencing range is the appropriate disposition of the case," id. Rule 11(c)(1)(C); and that "once the court accepts [such a] plea agreement," the parties' agreement on sentence "binds the court," id.

In Main, which was decided after the district court decisions in the present case but before the argument of this appeal, we considered a challenge to the denial of a § 3582(c)(2) motion made by a defendant who had been charged with crack cocaine offenses and had entered into a plea agreement with the government "pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C)" that "the appropriate sentence to be imposed, with regard to imprisonment, is a term of not more than eight (8) years," 579 F.3d at 202 (internal quotation marks omitted). The district

court accepted the parties' plea agreement. Accordingly, despite calculating that the then-recommended Guidelines range of imprisonment for Main was 120 to 150 months, _i.e._, 10 to 12½ years, _see_ _id_. at 203, the court sentenced him to a prison term of seven years, _see_ _id_. at 202. After the Sentencing Commission subsequently lowered the Guidelines-recommended imprisonment ranges for crack-related offenses, Main moved, unsuccessfully, to have his sentence reduced pursuant to § 3582(c)(2).

We upheld the district court's denial of Main's motion. Noting that § 3582(c)(2) authorizes a sentence reduction only for a sentence "based on" a Guidelines range that has subsequently been lowered by the Commission, _Main_, 579 F.3d at 203 (internal quotation marks omitted), and that "[u]nder Rule 11(c)(1)(C), a district court may not deviate from the 'specific sentence or sentencing range,' Fed.R.Crim.P. 11(c)(1)(C), recommended or requested by the accepted plea agreement," 579 F.3d at 203, we concluded that "Main's sentence was 'based on' his Rule 11(c)(1)(C) agreement with the government, and not a sentencing range that the Sentencing Commission subsequently lowered," _id_. Accordingly, we ruled that "the district court was without authority to reduce Main's sentence under section 3582(c)," 579 F.3d at 201.

B. The Sentencing of Green

In an effort to avoid the applicability of _Main_, Green contends that the 145-month prison term to which he was sentenced

was not imposed pursuant to Rule 11(c)(1)(C). He argues that "the four corners of the written agreement, as it pertains to Rule 11(c)(1)(C), called for a sentence of 168 months to run concurrent to a then existing state sentence" (Green reply brief on appeal at 5), and that the district court "cannot be said to have accepted the agreement since the sentence imposed was inconsistent with th[is] provision" (id. at 7). He also states that "[n]o written amendment to the agreement was made" (id. at 6); that "the email belatedly provided by the government" did "no[t] mention . . . the Rule 11(c)(1)(C) provision" (id.); and that "[n]o oral amendment to the Rule 11(c)(1)(C) provision is mentioned on the record" (id.). These arguments disregard the applicable legal principles and distort the record.

As adverted to above, Rule 11(c) provides in pertinent part as follows:

> **(1)** . . . . An attorney for the government and the defendant's attorney . . . may discuss and reach a plea agreement. The court must not participate in these discussions. If the defendant pleads guilty . . . to either a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will:
>
> . . . .
>
> **(C)** agree that a specific sentence or sentencing range is the appropriate disposition of the case . . . (such a recommendation or request binds the court once the court accepts the plea agreement).
>
> **(2)** <u>Disclosing a Plea Agreement</u>. The parties must disclose the plea agreement in open court when the plea is offered, unless the court for good cause allows the parties to disclose the plea agreement in camera.
>
> **(3)** <u>Judicial Consideration of a Plea Agreement</u>.

**(A)** To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.

. . . .

**(4)** **Accepting a Plea Agreement**. If the court accepts the plea agreement, it must inform the defendant that to the extent the agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.

**(5)** **Rejecting a Plea Agreement**. If the court rejects a plea agreement containing the provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):

**(A)** inform the parties that the court rejects the plea agreement;

**(B)** advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and

**(C)** advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated.

Fed. R. Crim. P. 11(c). In sum, as most pertinent here, when the parties have entered into a Rule 11(c)(1)(C) plea agreement, the district court may accept it or reject it but may not modify it, see, e.g., United States v. Cunavelis, 969 F.2d 1419, 1422 (2d Cir. 1992); and once the court has accepted it, the Rule 11(c)(1)(C) plea agreement "dictate[s]" the sentence, Main, 579 F.3d at 201.

In general, "[p]lea agreements are construed according to contract law principles," United States v. Yemitan, 70 F.3d 746, 747 (2d Cir. 1995); see generally United States v. Hyde, 520 U.S.

- 13 -

670, 677 (1997); <u>Santobello v. New York</u>, 404 U.S. 257, 262 (1971); <u>United States v. Riera</u>, 298 F.3d 128, 133 (2d Cir. 2002) ("We review interpretations of plea agreements <u>de novo</u> and in accordance with principles of contract law."). Although Green argues that the district court "cannot be said to have accepted" the plea agreement because the original agreement called for a 168-month prison term, and "inconsistent with th[at] provision" the court imposed a term of 145 months (Green reply brief on appeal at 7), we see nothing in the Rules or in ordinary contract principles that prevents the parties to a plea agreement, prior to its acceptance or rejection by the court, from amending their agreement as to what punishment is "appropriate," Fed. R. Crim. P. 11(c)(1)(C). Green's contention that the amendment agreed upon by the parties was ineffective because there was "[n]o written amendment" (<u>id</u>. at 6) is meritless. Although Rule 11(c)(2) provides that the plea agreement must be disclosed in open court, nothing requires that the plea agreement be in writing:

> Just as contracts are not invalid simply because they are made orally, the same is true of plea agreements. <u>See</u> <u>Santobello v. New York</u>, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) (finding government in breach of plea agreement for reneging on oral promise to abstain from a sentencing recommendation) . . . .

<u>United States v. Sanchez</u>, 562 F.3d 275, 280 (3d Cir. 2009), <u>cert. denied</u>, 78 U.S.L.W. 3392 (U.S. Jan. 11, 2010). It suffices if the agreement is "stated orally and recorded by the court reporter, whose notes then [are] preserved or transcribed." Fed. R. Crim. P. 11 Advisory Committee Note (1974) (internal quotation marks omitted). And although Green's plea agreement was in fact in

writing, it contained no provision requiring that any amendment of the agreement be in writing. Given that the plea agreement itself need not have been in writing, the parties' amendment to the agreement likewise need not have been in writing.

We note that the proposal for the amendment was itself in writing. And although Green refers to the e-mail making that proposal as one that was "belatedly provided by the government" (Green reply brief on appeal at 6), that e-mail was in fact the September 2006 Napier e-mail, sent to the government by Green's then-attorney. Further, the fact that the e-mail itself did not mention Rule 11(c)(1)(C) is immaterial. The Napier e-mail proposed "an adjusted sentence of 145 months" (emphasis added), obviously alluding to the parties' original agreement on 168 months, and discussed Green's service of "state time," prompted by Green's recent release from state custody which made it impossible for him to serve any part of his federal sentence concurrently with his state sentence--concurrent service having been expressed as the major premise of the parties' agreement as to the appropriate federal prison term in the original plea agreement (see Plea Agreement ¶ 13). The parties' agreement that 145 months, rather than 168 months, had become the appropriate prison term for Green was, of course, subject to approval by the court. "A plea agreement, and therefore any modification of a plea agreement, must be accepted by the court before it is binding." United States v. Floyd, 1 F.3d 867, 870 (9th Cir. 1993).

Judge Siragusa's statements were based on conferences with the attorneys that were held in Green's absence and were not transcribed. Although the court later sought to summarize those discussions during the sentencing hearing, and the attorneys proffered alterations or modifications of the court's summary, it should be emphasized that the practice of conducting off-the-record conversations and memorializing them only by later summarizing them on the record is not a recommended practice, as it risks avoidable disputes as to what occurred, and it hinders this Court in assessing whether the district court may have erred or abused its discretion.

Green's assertion that "[n]o oral amendment to the Rule 11(c)(1)(C) provision is mentioned in the record" (Green reply brief on appeal at 6) is contradicted by the transcript of the sentencing hearing. At that hearing, Judge Siragusa stated on the record that "despite the fact that [Green] and the government agreed to 168 months [when Green pleaded guilty] in front of Judge Telesca," Green's attorney and the AUSA subsequently had an extensive meeting with Judge Siragusa, to whom the matter had been reassigned (S.Tr. 2); that at that meeting Green's attorney pointed out that 168 months "would be inequitable because" Green could no longer--as envisioned by the parties originally--serve part of his federal sentence concurrently with "the state sentence" (id. at 3); and that the AUSA "was also convinced" on that point (id.). Plainly, the parties had agreed on an amendment setting Green's appropriate prison term at 145 months, as proposed

in the Napier e-mail, rather than the 168 months agreed on originally.

Equally plainly, the court did not reject the amended plea agreement. Had it done so, it would have been required by Rule 11(c)(5) to advise Green that he could withdraw his plea, and that if he did not withdraw the plea he could be sentenced more severely than the parties agreed. Instead of rejecting the agreement and advising Green that he could withdraw his plea, the court acknowledged that the plea agreement was governed by Rule 11(c)(1)(C) and it accepted the agreement as amended by the parties, stating

> I will accept the 11(c)(1)(C) agreement, which is saying I can go along with 168 months, but having been presented with Mr. Napier's statement, I will give you credit for the state sentence and I'll sentence you to a combined total of 145 months.

(S.Tr. 3 (emphases added).) Although this could have been stated with greater fluidity, we think it entirely clear from this statement and from the court's statement that the AUSA had concurred in Napier's proposal, that the court believed it was accepting a Rule 11(c)(1)(C) plea agreement as amended by agreement between the parties.

The one respect in which the proceedings below arguably deviated from the requirements of Rule 11 is that the amended plea agreement was not disclosed "when the plea [wa]s offered," Fed. R. Crim. P. 11(c)(2). However, it could not have been disclosed in May 2006 when Green's plea was offered because the amendment had not yet been agreed upon, the impetus for the amendment not yet

having occurred. In order to comply punctiliously with the terms of Rule 11(c)(2) at the November 1, 2006 hearing, the district court would have had to allow Green to withdraw and reenter his plea. However, Rule 11 provides that "[a] variance from the requirements of [Rule 11] is harmless error if it does not affect substantial rights." Fed. R. Crim. P. 11(h). Here, the agreed amendment was disclosed in open court. Unfortunately, the district court was much less clear than it should have been when it recorded the amended plea agreement on the record and discussed the terms of the amended agreement with Green. However, the transcript of the sentencing hearing leaves us with no doubt that Green understood that his attorney had requested the modification of the original plea agreement after he was discharged from State custody, that the government had accepted counsel's proposed modification, and that, as amended, the plea agreement called for a sentence of 145 months. As a result, we cannot conclude that the court's acceptance of the modification without taking the formal step of having Green's plea withdrawn and reentered affected his substantial rights.

In sum, we conclude that the district court accepted a Rule 11(c)(1)(C) plea agreement that had been permissibly amended by the parties, and that the court sentenced Green pursuant to that agreement rather than pursuant to a guideline. Therefore, under our ruling in Main, relief under 18 U.S.C. § 3582(c)(2) was not available to Green.

CONCLUSION

We have considered all of Green's arguments in support of his position on this appeal and found in them no basis for reversal. For the reasons discussed above, the amended order of the district court denying Green's § 3582(c)(2) motion is affirmed.