09-0770-cr
USA v. Hughes

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect.  Citation to summary orders filed after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1   When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of March, two thousand and ten.

PRESENT:

JOSÉ A. CABRANES,

B.D. PARKER,
*Circuit Judges*,

STEFAN R. UNDERHILL,
*District Judge.*[*]

-----------------------------------------------------------

UNITED STATES OF AMERICA,
*Appellee,*

-v.-                                                        No. 09-0770-cr

WILLIE HUGHES,
*Defendant-Appellant.*

-----------------------------------------------------------

| | |
|---|---|
| **FOR APPELLEE:** | JOSEPH J. KARASZEWSKI, Assistant United States Attorney (Kathleen M. Mehltretter, United States Attorney for the Western District of New York), Buffalo, New York, *for Appellee*. |
| **FOR DEFENDANT-APPELLANT:** | MARY BETH COVERT, (Federal Public Defender's Office, Western District of New York), Buffalo, New York, *for Defendant-Appellant*. |

---

[*] Of the United States District Court for the District of Connecticut, sitting by designation.

Appeal from a judgment of the United States District Court for the Western District of New York (Charles J. Siragusa, Judge).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Willie Hughes was charged in the Western District of New York with unlawful possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), and possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C). Hughes pled guilty to both charges pursuant to a written plea agreement with the government under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. According to that agreement's terms, if the District Court accepted the plea agreement, it would sentence Hughes to 117 months of imprisonment, which represented the lower bound of his Sentencing Guidelines range. Judge Michael A. Telesca did accept the plea agreement and sentenced Hughes to 117 months' imprisonment. Hughes subsequently moved for a sentence modification based on the retroactive amendments to the Sentencing Guidelines for crack cocaine offenses; that motion was denied. This appeal followed. We now affirm the District Court's denial of Hughes's motion for a sentence reduction.

**I.      Background**

Hughes's plea agreement provided that "the sentence in this action will be determined pursuant to the Sentencing Guidelines" and that "any disputed Guidelines adjustments and departures will be determined by the Court by a preponderance of the evidence." The agreement also set forth the Guidelines range in Hughes's case. For Count One, the unlawful firearm

possession charge, Hughes was subject to a statutory five-year mandatory minimum sentence to run consecutively to the second count. For Count Two, the crack cocaine distribution charge, Hughes's adjusted offense level was 21, after three levels were reduced for his acceptance of responsibility. With a criminal history score of IV, Hughes faced a sentencing range of 57 to 71 months' imprisonment, a fine of $7,500 to $1,000,000, and three to five years' supervised release for the crack cocaine offense. By signing the agreement, Hughes waived a number of rights to challenge his sentence, including "the right to appeal, modify pursuant to Title 18, United States Code, Section 3582(c)(2) and collaterally attack any sentence imposed by the Court which falls within or is less than the sentencing range set forth in [the plea agreement]."

After positing Hughes's Guidelines range, the plea agreement set forth a determinate sentence of incarceration negotiated by Hughes and the government. Paragraph 14 of the agreement states:

> [I]t is the agreement of the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that the Court at the time of sentence impose a total term of imprisonment of 117 months as the appropriate period of incarceration in this case (60 months on Count I and 57 months on Count II to run consecutive to each other). . . . If, after reviewing the pre-sentence report (PSR), the Court rejects this agreement, the defendant shall then be afforded the opportunity to withdraw the pleas of guilty.

Any fine or period of supervised release remained within "the discretion of the court." *Id.*

Hughes was sentenced on April 20, 2005. At the sentencing hearing, Judge Talesca accepted the plea agreement and sentenced Hughes to the stipulated 117 months' imprisonment. The District Court noted that "it's the agreement of the parties that pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that this Court, at the time of sentencing, will impose

a term of imprisonment of 117 months," and, after independently determining Hughes's sentencing level and criminal history category, that "even though the Guidelines have been held by the Supreme Court as advisory, I still refer to them in an advisory capacity and also you agreed upon the sentence, and I honor that agreement that you have and sentence him in accordance with it." The District Court independently stated Hughes's Guidelines sentencing range on the record. *Id.* At the conclusion of the sentencing hearing, Judge Telesca added: "This is a reasonable sentence and particularly because the two of you agreed on it and agreed to be bound by it, so I've gone along with your wish. I could have gone higher, but I went along with the agreement that you both constructed at arm's length."

On November 1, 2007, the United States Sentencing Commission amended section 2D1.1(c) of the Sentencing Guidelines to reduce all sentences for crack cocaine offenses by two offense levels; the following month, the Commission voted to make those amendments retroactive. U.S.S.G. Supp. to App. C, amend. 706 (2009); *United States v. Williams*, 551 F.3d 182, 184 (2d Cir. 2009). Under those retroactive amendments, Hughes's adjusted offense level would have been 19. With the same criminal history score, Hughes would have faced 46 to 57 months' incarceration for the crack cocaine offense, and a total sentencing range 106 to 117 months when accounting for the consecutive firearm possession charge.

On June 10, 2008, Hughes moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), which permits a court to modify a prison sentence "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." Hughes's motion was assigned to Judge Charles J. Siragusa. The government opposed the

motion on the grounds that the District Court lacked authority to reduce Hughes's sentence under section 3582(c)(2), because Hughes's sentence was "based on" the terms of his plea agreement, and not the Sentencing Guidelines; Hughes's sentence of 117 months' imprisonment was within the amended sentencing range; and Hughes's post-sentencing conduct, which included an attempted escape from prison and an attempt at smuggling tobacco, did not entitle him to a sentence reduction.

Hughes challenged all three arguments in his response. He claimed that his sentence was based on the then-existing sentencing range, and not solely on the plea agreement, and that "it was the intent of the parties that Mr. Hughes be sentenced within the applicable range." Now that the applicable range had shifted downward, Hughes argued, he was entitled to a parallel reduction. In addition, because the retroactive crack cocaine amendments were only a partial reconciliation of the disparity between crack and powder cocaine sentencing, Hughes contended that his motion for a sentence modification was a modest request that the court could comfortably grant, even in spite of the unfavorable evidence against him. Finally, Hughes claimed that his post-sentencing misconduct was mitigated by the facts that he was never moved from his low-security facility, he was already docked good time credit for his infractions, and he successfully completed a drug treatment program and was pursuing educational opportunities in prison.

In a two-sentence order filed on February 11, 2009, the District Court denied Hughes's motion to reduce his sentence. The court noted that "[t]he reduced sentence is within the amended guideline range," and then explained that "[d]efendant's motion is denied based upon consideration of 18 U.S.C. § 3553(a) factors, and more specifically § 3553(a) 2A and 2C, while

incarcerated, defendant has attempted to escape and smuggle tobacco into prison." On February 24, 2009, Hughes filed this timely appeal.

**II.     Discussion**

On appeal, the parties continue to dispute whether the District Court had the authority to reduce Hughes's sentence as a result of the reduction in the crack cocaine guidelines. That question turns on the interpretation of two decisions of this Court: *United States v. Main*, 579 F.3d 200 (2009), and *United States v. Green*, 595 F.3d 432 (2d Cir. 2010). Both of those decisions involved requests for sentence reductions by individuals who were sentenced pursuant to Rule 11(c)(1)(C) plea agreements to terms of imprisonment outside the crack cocaine guidelines. Moreover, in both of those cases, the sentencing judges in fact based the original sentences on the plea agreements rather than on consideration of the crack cocaine guidelines. *See Main*, 579 F.3d at 203 ("[W]e agree with the district court that Main *in fact* was sentenced 'based on' his Rule 11(c)(1)(C) plea agreement." (emphasis supplied)); *Green*, 595 F.3d at 440 ("[W]e conclude that the district court accepted a Rule 11(c)(1)(C) plea agreement that had been permissibly amended by the parties, and that the court sentenced Green pursuant to that agreement rather than pursuant to a guideline."). It may be possible for a sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement to be "based on" the crack cocaine guidelines as a matter of fact.[1] But we need not decide whether, as a matter of law, every sentence imposed

---

[1] Indeed, Rule 11(c)(1)(C) would allow for a plea agreement in which the parties expressly agreed upon a sentence within the crack cocaine guidelines range. *See* Fed. R. Crim. P. 11(c)(1)(C) ("[T]he plea agreement may specify that an attorney for the government will . . . agree that a specific sentence or *sentencing range* is the appropriate disposition of the case." (emphasis added)). A broader set of mandatory plea agreements, however, could also result in sentences actually "based on" the crack cocaine guidelines. *Cf. United States v. McGee*, 553

pursuant to a Rule 11(c)(1)(C) plea agreement is ineligible for reduction under 18 U.S.C. § 3582(c)(2), or even whether Hughes's sentence was factually "based on" the crack cocaine guidelines. Under the circumstances of this case, we need not, and do not, interpret the scope of our holdings in *Main* and *Green*.[2] Even assuming, without deciding, that the District Court had authority to consider Hughes's motion, its refusal to modify Hughes's sentence did not amount to reversible error.

We review a district court's denial of a sentencing modification motion for abuse of discretion. *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009). Hughes chides the District Court for not stating on the record his recalculated sentencing level under the amended guidelines, not considering that the crack amendments were only a partial reconciliation of the 100:1 disparity between crack cocaine and powder cocaine sentences, and not considering other mitigating factors in Hughes's favor. None of those arguments provides a reason to reverse the District Court.

A district court judge is not required to "precisely identify either the factors set forth in § 3553(a) or specific arguments bearing on the implementation of those factors in order to comply

F.3d 225, 227 (2d Cir. 2009) (holding that "it is apparent that McGee was sentenced 'based on' a sentencing guideline range that was subsequently lowered by the Sentencing Commission because the district court premised McGee's ultimate sentence on the crack cocaine guidelines," rather than the career offender guideline).

[2] We note, too, that by entering into the plea agreement, Hughes waived his right to move for a sentence modification pursuant to 18 U.S.C. § 3582(c)(2). The government, however, did not present that issue to the District Court or to this Court on appeal, and we have not had the benefit of briefing or argument on the matter. We therefore decline to address whether Hughes's sentence modification waiver is enforceable, and whether such a waiver would affect a district court's power to modify a defendant's sentence "on its own motion." *See* 18 U.S.C. § 3582(c)(2).

with her duty to consider all the § 3553(a) factors along with the applicable Guidelines range." *United States v. Fernandez*, 443 F.3d 19, 29 (2d Cir. 2007) (emphasis omitted).  Nor is a district court required to recite any magic words or to methodically work through each of the section 3553(a) factors in rendering its decision.  So long as the law and evidence were not viewed erroneously and the decision can be "located within the range of permissible outcomes," the district court's decision will be upheld.  *Borden*, 564 F.3d at 104 (quotation omitted).

Although the District Court's ruling denying Hughes's motion was brief, it was nonetheless sufficient to establish the basis for its decision.  The District Court identified the severity of Hughes's underlying offense by referencing 18 U.S.C. § 3553(a)(2)(A), and stated that Hughes's behavior in prison – namely, his attempted escape and smuggling of contraband – indicated that he posed a safety risk.  The District Court also noted that the sentence originally imposed fell within the modified guidelines range.  Although the District Court did not state the revised guidelines range in its order, the Probation Department, the government, and the defendant himself all agreed on the new range in their submissions to the Court.  There was no dispute on this point, and thus we can identify no procedural error.

As noted, Hughes's sentence of 117 months' imprisonment falls within the revised crack cocaine guidelines range.  Although we do not presume a Guidelines sentence to be reasonable, we have recognized that "'in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances.'"  *United States v. Friedberg*, 558 F.3d 131, 137 (2d Cir. 2009) (quoting *United States v. Eberhard*, 525 F.3d 175, 179 (2d Cir. 2008)).  Given the factors identified by the

District Court, we have no reason to conclude that Hughes's sentence represents an abuse of discretion, even under the revised crack cocaine guidelines.

Hughes presented arguments sufficient to support a sentence modification, but the District Court was not required to give them the significance he demands. To the contrary, the District Court was well within its discretion to find that the factors set forth at 18 U.S.C. § 3553(a)(2)(A) & (C) were compelling enough to outweigh Hughes's mitigating factors. The District Court therefore did not commit reversible error in denying Hughes's motion for a sentence modification.

The decision of the District Court is AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court