09-3994-cv
Incantalupo v. Lawrence Union Free Sch. Dist.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7ᵗʰ day of June, two thousand ten.

PRESENT:   JON O. NEWMAN,
              CHESTER J. STRAUB,
              REENA RAGGI,
                    *Circuit Judges.*

------------------------------------------------------------------

TARA INCANTALUPO, Individually and as Parent of Minor Child VINCE INCANTALUPO, STEPHEN JACKSON, Individually and as Parent of Minor Child SEKOU JACKSON, ANDREW LEVEY, Individually and as Parent of Minor Children GABRIELLE LEVEY and RYAN LEVEY, STACY SULLIVAN, Individually and as Parent of Minor Children JACK SULLIVAN, BRYAN SULLIVAN, JADE SULLIVAN, and KATE SULLIVAN, and FU-YUN TANG, Individually and as Parent of Minor Child ARTHUR CHEN, and All Others Similarly Situated,

                *Plaintiffs-Appellants*,

      v.                                      No. 09-3994-cv

LAWRENCE UNION FREE SCHOOL DISTRICT NUMBER 15, THE BOARD OF EDUCATION OF THE LAWRENCE UNION FREE SCHOOL DISTRICT NUMBER 15, MURRAY FORMAN, Individually and in His Official Capacity as Board President and Trustee, DAVID SUSSMAN, Individually and in His Official

Capacity as Trustee, URI KAUFMAN, Individually and in His Official Capacity as Trustee, ASHER MANSDORF, Individually and in His Official Capacity as Trustee, MICHAEL HATTEN, Individually and in His Official Capacity as Trustee, SOLOMON BLISKO, Individually and in His Official Capacity as Trustee, and NAHUM MARCUS, Individually and in His Official Capacity as Trustee,

*Defendants-Appellees.*

---------------------------------------------------------------------

APPEARING FOR APPELLANTS: RICK OSTROVE, Leeds, Morelli & Brown, P.C., Carle Place, New York.

APPEARING FOR APPELLEES: DAVID B. SALMONS (David J. Butler, Bryan M. Killian, Randall M. Levine, Bingham McCutchen, Washington, D.C., Albert A. D'Agostino, Minerva & D'Agostino, P.C., *on the brief*), Bingham McCutchen LLP, Washington, D.C.

Appeal from the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the August 25, 2009 judgment of the district court is AFFIRMED.

Plaintiffs, parents of students in the Lawrence Union Free School District (the "District"), appeal the denial of a preliminary injunction and the dismissal of their complaint raising constitutional challenges to defendants' adoption of a "consolidation plan" involving, inter alia, closure of a District elementary school. See Incantalupo v. Lawrence Union Free Sch. Dist. No. 15, 652 F. Supp. 2d 314 (E.D.N.Y. 2009). Plaintiffs contend that the Board of Education, many of whose members are Orthodox Jews whose children attend yeshivas, or private religious schools, adopted the consolidation plan in order to minimize taxes,

2

thereby leaving the public school system underfinanced and promoting Orthodox Judaism by making more money available to Orthodox families to afford private school tuition.[1] See Compl. ¶¶ 103-08, 110-11.

We review the denial of a preliminary injunction for abuse of discretion, see SEC v. Dorozhko, 574 F.3d 42, 45 (2d Cir. 2009), and a Rule 12(b)(6) dismissal de novo, accepting as true the factual allegations in the complaint and drawing all reasonable inferences in plaintiffs' favor, see Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir. 2009). In applying these standards, we assume familiarity with the facts and the procedural record, which we reference only as necessary to explain our decision to affirm.

To survive a Rule 12(b)(6) challenge, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). Preliminarily, we identify no merit in plaintiffs' contention that the district court misapplied this plausibility standard. As it was required to do, the district court accepted as true all of plaintiffs' factual allegations. It nevertheless concluded that plaintiffs' largely conclusory allegations of unconstitutional conduct failed to state a claim. See id. at 1949-50 (holding that court is "not bound to accept as true a legal conclusion couched as a factual allegation"); Rolon v. Henneman, 517 F.3d 140, 148-49 (2d Cir. 2008) (noting that "conclusory allegations or legal

---

[1] Insofar as plaintiffs speculate that defendants plan to sell the closed school to a yeshiva, see Compl. ¶ 109, such a claim is not ripe for review, see generally New York Civil Liberties Union v. Grandeau, 528 F.3d 122, 130-32 & n.8 (2d Cir. 2008). We express no view as to whether future sale plans might be subject to constitutional challenge.

3

conclusions masquerading as factual conclusions" are insufficient to state a claim (internal quotation marks omitted)). We agree.

Plaintiffs' Establishment Clause claim fails because they have not plausibly alleged that the challenged plan to reduce taxes by cutting public education spending (1) lacks a legitimate secular purpose, (2) has the primary effect of advancing religion, or (3) entangles the government with religion. See Lemon v. Kurtzman, 403 U.S. 602, 612-13 (1971) (identifying three factors relevant to Establishment Clause claim); see also Skoros v. City of New York, 437 F.3d 1, 17-18 (2d Cir. 2006) (continuing to apply Lemon test with modifications suggested in subsequent cases). Determining the appropriate level of tax support for government services is a longstanding secular purpose of government.[2] To be sure, the question frequently generates spirited debate, often informed by a range of self-interests, but the First Amendment does not exclude any interest from public debate simply because it is informed by religion. See Board of Educ. of Westside Cmty. Schs. v. Mergens, 496 U.S. 226, 249 (1990) (holding that "what is relevant [to Establishment Clause analysis] is the legislative purpose of the statute, not the possibly religious motives of the legislators"). Thus, the religious motivation plaintiffs ascribe to the challenged plan cannot, by itself, state a claim under the Establishment Clause. As long as the plan affords any realized tax savings to taxpayers generally and without regard to religion, plaintiffs cannot plausibly allege that

---

[2] On review of plaintiffs' constitutional challenges, we have no reason to consider any requirements of New York state law respecting the financing of public education.

4

either the purpose or the primary effect of the plan is to establish religion.[3] The fact that a large number of Orthodox Jewish taxpayers may freely choose to spend their tax savings from the plan on religious education for their children warrants no different conclusion because the plan itself does nothing to reward or even encourage such a consumption choice. The plan is neutral as among taxpayers of different or no religious beliefs. Finally, plaintiffs fail plausibly to allege that the plan entangles the government with religion. See generally Skoros v. City of New York, 437 F.3d at 36-38 (recognizing entanglement concerns when state monitors religious institution, cedes government authority to sectarian group, or takes sides in religious dispute).

The circumstances of this case are, in fact, most closely analogous to those in Zelman v. Simmons-Harris, 536 U.S. 650 (2002). There, the Supreme Court explained that where a government program is "neutral with respect to religion, and provides assistance directly to a broad class of citizens who, in turn, direct government aid to religious schools wholly as a result of their own genuine and independent private choice, the program is not readily subject to challenge under the Establishment Clause." Id. at 652; cf. Committee for Public Educ. & Religious Liberty v. Nyquist, 413 U.S. 756, 780, 791 (1973) (invalidating reimbursements and tax benefits tied to private school tuition payments); Winn v. Arizona

---

[3] Plaintiffs allege that defendants' prior expenditure of public money to pay religious education expenses plausibly indicates that the purpose of the consolidation plan is establishment. Background often provides relevant context for challenged conduct. But where, as here, the conduct at issue involves a reduction in public spending that results in a general savings to taxpayers, the cited background evidence is insufficient to cast neutral government action as an establishment of religion.

5

Christian Sch. Tuition Org., 562 F.3d 1002, 1005 (9th Cir. 2009) (holding that plaintiffs stated Establishment Clause claim in challenging tax credits for private school tuition assistance). Accordingly, like the district court, we conclude that plaintiffs failed to state a claim under the Establishment Clause.

We likewise conclude, though on a ground different from that relied upon by the district court, see United States v. Green, 595 F.3d 432, 436 (2d Cir. 2010), that plaintiffs failed to state an equal protection claim. To prevail on such a claim, plaintiffs were required to demonstrate "adverse treatment of individuals compared with other similarly situated individuals" based on religion. Miner v. Clinton County, 541 F.3d 464, 474 (2d Cir. 2008) (internal quotation marks omitted). On plaintiffs' own version of the facts, the challenged consolidation plan applies equally to similarly situated individuals without regard to their religious affiliation.

Because plaintiffs failed to state a claim, the complaint was properly dismissed, and the district court did not abuse its discretion in denying a preliminary injunction. We have considered plaintiffs' remaining arguments on appeal and they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6