21-1524-cr
United States v. Hime

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of October, two thousand twenty-two.

PRESENT:

> **AMALYA L. KEARSE,**
> **MICHAEL H. PARK,**
> **MYRNA PÉREZ,**
> *Circuit Judges.*

_____

**United States of America,**

> *Appellee,*

> v.                                                                          **21-1524**

**Brian Hime,**

> *Defendant-Appellant,*

**Christopher Scott, AKA Peanut, Nicholas VanValkenburgh, AKA Woody, AKA Wood, AKA Woodcock,**

> *Defendants.*

_____

FOR DEFENDANT-APPELLANT:    Brian Hime, *pro se*,
Bradford, PA.

FOR APPELLEE:    Nicolas Commandeur,
Thomas R. Sutcliffe,
Assistant United States
Attorneys, of counsel, *for*
Carla B. Freedman, United
States Attorney for the
Northern District of New
York, Syracuse, NY.

Appeal from an order of the United States District Court for the Northern District of New York (McAvoy, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Brian Hime pleaded guilty to offenses arising out of a drug-trafficking conspiracy. In 2014, he was sentenced to a mandatory minimum of 240 months' imprisonment.

Hime moved in 2021 for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The district court denied the motion because, among other reasons, the 18 U.S.C. § 3553(a) factors weighed against reducing Hime's sentence. Hime appeals, proceeding *pro se*. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We typically review the denial of a motion for a discretionary sentence reduction for abuse of discretion." *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020). A district court abuses its discretion if its ruling is based "on an erroneous view of the law or on a clearly erroneous assessment of the evidence," or if it has "rendered a decision that cannot be located within the range of permissible decisions." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009).

"[O]nce we are sure that the sentence resulted from the reasoned exercise of discretion, we must defer heavily to the expertise of district judges." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc).

Section 3582(c)(1)(A) provides that a district court "may reduce" a defendant's "term of imprisonment . . . after considering the factors set forth in section 3553(a)," if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *United States v. Brooker*, 976 F.3d 228, 235 (2d Cir. 2020). If a district court appropriately determines that the § 3553(a) factors weigh against a sentence reduction, we may affirm on that ground alone. *See United States v. Keitt*, 21 F.4th 67, 69 (2d Cir. 2021); *see also United States v. Green*, 595 F.3d 432, 436 (2d Cir. 2010) ("[W]e may affirm a ruling on any ground that is supported by the record.").

We do so here. After careful review, we perceive no abuse of discretion in the district court's consideration of the § 3553(a) factors, which addressed the seriousness of the underlying offense, Hime's criminal history and background, the need to protect the public, and the deterrent effect of the sentence imposed, among other considerations. In his primary argument to the contrary, Hime points to comments by the district court at the original sentencing proceeding that, in his view, suggest that the court would have sentenced him below 240 months if not for the mandatory minimum. The district court had opined, however, only that the *guidelines range*, not the mandatory minimum, was high. And when the district court expressed "hope" that Hime could "get out before 20 years," the court referred to the availability of good time credit. The district court's remaining commentary at Hime's sentencing on the binding nature of mandatory

3

minimum sentences does not, in context, undermine its discretionary denial of a later request for a sentence reduction.[1]

We have reviewed Hime's remaining arguments and find them to be without merit.   For the foregoing reasons, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] We note that, as an alternative ground for denying the motion, the district court consulted the policy statement for compassionate release contained in U.S.S.G. § 1B1.13(2), determining that Hime was a danger to the community.  This Court made clear in *Brooker*, however, that § 1B1.13 does not apply to compassionate release motions brought by defendants, but only to motions initiated by the Bureau of Prisons.  *See Brooker*, 976 F.3d at 235–36.  The error here, however, was harmless because, as discussed above, the court was required by statute to "consider[] the factors set forth in section 3553(a)," 18 U.S.C. § 3582(c)(1)(A), which include "the need . . . to protect the public from further crimes of the defendant," *id.* § 3553(a)(2)(C).  *See, e.g., United States v. Seshan*, 850 F. App'x 800, 802 n.1 (2d Cir. 2021) (summary order) (observing that since danger to the community is a part of the § 3553(a) balancing, any error in consulting § 1B1.13 did not affect the defendant's substantial rights).