08-4088-cr
United States v. Harrington (Main)

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term 2008

(Argued: May 11, 2009          Decided: August 27, 2009)

Docket No. 08-4088-cr

-------------------------------------------------------x

UNITED STATES OF AMERICA,

Appellee,

-- v. --

CHRISTOPHER MAIN,

Defendant-Appellant.

-------------------------------------------------------x

B e f o r e :  WALKER and WALLACE,* Circuit Judges.**

Defendant-Appellant Christopher Main appeals from an order of the United States District Court for the District of Vermont (Murtha, J.) denying his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines § 1B1.10, pursuant to which the sentencing ranges applicable to crack cocaine offenses were retroactively reduced.

---

* The Honorable J. Clifford Wallace of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

** The Honorable Sonia Sotomayor, originally a member of the panel, was elevated to the Supreme Court on August 8, 2009. The two remaining members of the panel, who are in agreement, have determined the matter. See 28 U.S.C. § 46(d); Local Rule 0.14(2); United States v. Desimone, 140 F.3d 457 (2d Cir. 1998).

Main had pled guilty under a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

We AFFIRM the district court's judgment.

PAUL VAN DE GRAAF, Acting United States Attorney (William B. Darrow & Gregory L. Waples, Assistant United States Attorneys, on the brief), District of Vermont, Burlington, VT, for Appellee.

ELIZABETH D. MANN, Assistant Federal Public Defender, for Michael L. DeSautels, Federal Public Defender, Burlington, VT, for Defendant-Appellant.

JOHN M. WALKER, JR., Circuit Judge:

Defendant-Appellant Christopher Main appeals from a July 9, 2008 order of the United States District Court for the District of Vermont (Murtha, J.) denying his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines ("U.S.S.G.") § 1B1.10, pursuant to which the sentencing ranges applicable to crack cocaine offenses were retroactively reduced. We hold that the district court was without authority to reduce Main's sentence under section 3582(c) because the sentence was dictated by his plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and not the Guidelines related to crack cocaine. Accordingly, we affirm the district court's denial of Main's motion.

**BACKGROUND**

The facts of Main's crime are set forth fully in our prior

published decision vacating Main's first judgment of conviction and sentence because the district court had inaccurately described the range of penalties to which Main could be subjected as a result of his guilty plea. See United States v. Harrington, 354 F.3d 178, 180-86 (2d Cir. 2004).

On remand, Main again pled guilty, pursuant to a plea agreement, to distributing and conspiring to distribute five or more grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. The agreement specified that Main and the government had agreed, "pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C),"[1] that "the appropriate sentence to be imposed, with regard to imprisonment, is a term of not more than eight (8) years." (Plea Agreement ¶ 3.) The agreement further stated that Main "reserve[d] the right to argue for a downward departure." (Plea Agreement ¶ 3.) The district court accepted

---

[1] Rule 11(c)(1) provides:

> An attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement. . . . If the defendant pleads guilty or nolo contendere to either a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will . . . (C) agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement).

Fed. R. Crim. P. 11(c)(1).

Main's guilty plea.

At the subsequent sentencing hearing in February 2005, the district court determined that Main's total offense level was 26, that his Criminal History Category was VI, and that the applicable Guideline range therefore was 120 to 150 months, and found that "the parties have agreed in accordance with [Rule 11(c)(1)(C)] that the appropriate sentence to be imposed is a term of imprisonment of not more than eight years[,] which is 96 months." (Sentencing Tr. 28:24-29:2, Feb. 23, 2005.) The district court then granted Main's request for downward departures, reducing Main's sentence by seven months for "extraordinary rehabilitation . . . while in prison" and by five months for certain time Main served. (Sentencing Tr. 30:24-31:10.) The district court sentenced Main to 84 months' imprisonment.

On May 14, 2008, Main moved to reduce his sentence pursuant to section 3582(c)(2), which allows such motions by any "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Main argued that he was eligible for a reduced sentence under U.S.S.G. § 1B1.10, effective March 3, 2008, which retroactively reduced by two levels the base offense level for crack cocaine offenses covered by U.S.S.G. § 2D1.1. See U.S.S.G. supp. to app. C, amend. 706 (2007) (amending the drug quantity table for U.S.S.G.

4

§ 2D1.1); U.S.S.G. supp. to app. C, amend. 713 (2007) (retroactively applying § 2D1.1).  The district court denied Main's motion on the basis that the court lacked authority to modify the sentence under section 3582(c)(2), because Main had been sentenced pursuant to a Rule 11(c)(1)(C) plea agreement and not pursuant to U.S.S.G. § 2D1.1.  After granting Main's motion to reconsider the denial of resentencing, the district court affirmed its decision.  This appeal followed.

**DISCUSSION**

The only issue on appeal is whether Main is eligible for a reduction in sentence under the crack cocaine amendments, pursuant to section 3582(c)(2).  We review <u>de novo</u> the determination of whether his sentence was "based on a sentencing range that was subsequently lowered by the Sentencing Commission," because this determination is a matter of statutory interpretation.  <u>United States v. Williams</u>, 551 F.3d 182, 185 (2d Cir. 2009).

Section 3582(c) limits a district court's resentencing authority by providing that it "may not modify a term of imprisonment once it has been imposed," except in limited circumstances, such as when the defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Although Main contends that he was sentenced pursuant to the Guidelines section

5

applicable to crack cocaine offenses, U.S.S.G. § 2D1.1, for which the Sentencing Commission lowered the base offense level, see id. at supp. to app. C, amends. 706, 713 (2007), we agree with the district court that Main in fact was sentenced "based on" his Rule 11(c)(1)(C) plea agreement.

Not only did the district court expressly "accept[] the plea agreement, including the factors to be considered in imposing the sentence," (Sentencing Tr. 29:3-5), but also, despite calculating the then-applicable Guidelines range to be 120 to 150 months' imprisonment, the district court did not adhere to that range because it was higher than the maximum sentence of 96 months specified in Main's plea agreement. Under Rule 11(c)(1)(C), a district court may not deviate from the "specific sentence or sentencing range," Fed. R. Crim. P. 11(c)(1)(C), recommended or requested by the accepted plea agreement. See, e.g., United States v. Williams, 260 F.3d 160, 165 (2d Cir. 2001) ("[A] district court may accept or reject a Rule 11(e)(1)(C)[2] sentence bargain, but may in no event modify it."). Instead of using the sentencing range specified by the Guidelines, the district court adhered to the maximum sentence permitted by the plea agreement and, after granting two reductions totaling twelve months, sentenced Main to 84 months' imprisonment. We therefore hold

---

[2] Federal Rule of Criminal Procedure 11(e)(1)(C) is Rule 11(c)(1)(C)'s predecessor, and was revised and renumbered in 2002 with only stylistic changes. Fed. R. Crim. P. 11 advisory committee's notes.

that Main's sentence was "based on" his Rule 11(c)(1)(C) agreement with the government, and not a sentencing range that the Sentencing Commission subsequently lowered, and conclude that the district court was without authority to reduce the sentence pursuant to 18 U.S.C. § 3582(c)(2).

Other circuits that have considered this question generally have reached similar conclusions, reasoning that a sentence imposed pursuant to a Rule 11(c)(1)(C) agreement "arises directly from the agreement itself, not from the Guidelines, even though the court can and should consult the Guidelines in deciding whether to accept the plea." United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005); see also, e.g., United States v. Sanchez, 562 F.3d 275, 277-79 (3d Cir. 2009) (holding that a defendant sentenced pursuant to a Rule 11(c)(1)(C) plea agreement is ineligible for section 3582(c)(2) relief); United States v. Scurlark, 560 F.3d 839, 841 (8th Cir. 2009) (same); United States v. Peveler, 359 F.3d 369, 377-79 (6th Cir. 2004) (same); United States v. Trujeque, 100 F.3d 869, 870-71 (10th Cir. 1996) (same).

In contrast, the Fourth Circuit held in United States v. Dews, 551 F.3d 204, 208-12 (4th Cir. 2008), reh'g en banc granted (4th Cir. 2009), appeal dismissed as moot (4th Cir. 2009), that section 3582(c)(2) authorized district courts to resentence defendants who pled guilty pursuant to Rule 11(c)(1)(C) plea agreements. The Fourth Circuit, however, subsequently vacated its decision in Dews by granting a rehearing en banc, see 4th

7

Cir. Local Rule 35(c), and has since dismissed the appeal as moot. Because Dews is no longer good law, we have no need to address Main's argument that, for the reasons provided in Dews, he is eligible for a sentencing reduction under section 3582(c)(2).

Main points out that his case may be distinguished from cases such as Peveler, see 359 F.3d at 372-73, in which the plea agreements stipulated a specific offense level or Guidelines range to be applied: Because Main's plea agreement merely specified the upper limit of the sentencing range to which he could be exposed (96 months), and did not limit the court's discretion to sentence Main to any term below that limit, Main argues that a sentencing reduction pursuant to section 3582(c)(2) would not have violated Rule 11(c)(1)(C). But our decision that Main is ineligible for resentencing depends upon the text of section 3582(c)(2), which states that a reduction must be a sentence "based on a sentencing range that has not been subsequently lowered by the Sentencing Commission," and not upon Rule 11(c)(1)(C), and we need not address whether the latter should be construed in other cases to bar resentencing pursuant to section 3582(c)(2). Main also argues that his express reservation in the plea agreement of his right to argue for a downward departure indicates that the Sentencing Guidelines continued to play a role in determining his sentence. Again, however, section 3582(c)(2) only applies when the defendant "has

been sentenced . . . based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), and the Sentencing Commission did not subsequently modify the downward departure provisions upon which Main relies.  Main remains ineligible for section 3582(c)(2) relief because, as we have already explained, U.S.S.G. § 2D1.1, the provision that the Sentencing Commission subsequently modified, played no role in the sentence that Main received.

We have considered Main's remaining arguments and find them to be without merit.

**CONCLUSION**

For the reasons stated above, the judgment of the district court is AFFIRMED.

9