**UNITED STATES of America,**
**Plaintiff,**

v.

**Glenn FRUSTER, Defendant.**

**No. 04–CR–6071L.**

United States District Court,
W.D. New York.

Nov. 13, 2009.

———

Bret A. Puscheck, U.S. Attorney's Office, Rochester, NY, for Plaintiff.

Mark D. Hosken, Federal Public Defender, Rochester, NY, for Defendant.

*DECISION AND ORDER*

DAVID G. LARIMER, District Judge.

Defendant, Glenn Fruster ("Fruster") (USM No. 12198–055), pleaded guilty to a two-count Information on February 17, 2006. Count 1 charged possession with intent to distribute cocaine base and Count 2 charged possession with a firearm in furtherance of that drug trafficking crime. The plea was entered pursuant to a written plea agreement. The parties calculated Fruster's Sentencing Guidelines ("Guidelines") with a Criminal History III to be an aggregate term of 147 to 168 months. The plea agreement further provided that pursuant to FED.R.CRIM.P. 11(c)(1)(C), the Court's sentence would be "within the range of 147 to 168 months." Plea Agreement (Dkt. # 34) ¶ 13. At sentencing, the Court accepted the plea agreement and the agreed-upon sentencing range and, on May 19, 2006, sentenced Fruster principally to an aggregate term of 147 months. Judgment was entered May 23, 2006.

Fruster did not appeal that judgment but Fruster has filed a motion to modify his sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Guidelines § 1B1.10 on the grounds that the Guidelines for crack cocaine were modified effective November 1, 2007. The Government has opposed the motion. (Dkt. # 44).

Effective November 1, 2007, the Guidelines were amended and reduced relative to crack cocaine. Guidelines §§ 2D1.1(a)(3), 2D1.1(c)(7). Defendant now moves pursuant to 18 U.S.C. § 3582(c)(2) for a reduction in his sentence. That section provides that a Court may modify a previously imposed term of imprisonment in the case of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. . . ." The issue in

this case is whether this Court now has jurisdiction to modify and reduce Fruster's sentence under the statute.

As stated, the plea agreement here set forth the parties' agreement that Fruster's Guideline range was 147 to 168 months, and that the Court, if it accepted the plea agreement, would impose a sentence within that range. In other words, the plea agreement expressly provided that the Court would impose a sentence within the then-existing Guideline range. The Court sentenced Fruster at the low end of that range, to a term of 147 months.

Based on the Amendments effective November 1, 2007, Fruster's Amended Guideline range is now 130 to 147 months. Fruster requests that the Court modify his sentence and reduce it to a sentence within the new range and specifically to the low end of that range, 130 months.

The Government opposes the motion, contending that because Fruster pleaded guilty pursuant to Rule 11(c)(1)(C), the Court lacks jurisdiction to modify the sentence.

The question before the Court is one of statutory interpretation. Section 3582(c)(2) authorizes a court to modify a previously imposed sentence which was "based on a sentencing range" that was subsequently lowered. The issue here is whether this defendant, Glenn Fruster, was sentenced based on a sentencing range that was later reduced. I believe that he was and, therefore, this Court has jurisdiction to modify and reduce the sentence.

Simply because Fruster pleaded guilty pursuant to a plea agreement which provided for a specific range under Rule 11(c)(1)(C) does not automatically preclude modification. I believe it depends on the nature of the plea agreement and the extent to which the Rule 11(c)(1)(C) provision focuses on the existing Guidelines. In this case, the Guidelines were calculated by counsel and the agreement was that the Court would sentence *within the Guideline range*, which at that time was 147 to 168 months. The Court did so, and sentenced defendant to the lowest possible term within that range, 147 months. As a result of the November 1, 2007 Amendments, however, the Guideline range has changed as to this defendant. I believe that it would best effectuate the parties' intent as expressed in the plea agreement to modify and reduce the sentence to the low end of the current Guideline range, and I conclude that the Court has jurisdiction to do so.

The recent Second Circuit case of *United States v. Main*, 579 F.3d 200 (2009), is not to the contrary. In *Main*, the Second Circuit affirmed the district court's denial of a sentence reduction motion brought pursuant to § 3582(c)(1) because the sentence was "dictated" by the Rule 11(c)(1)(C) provision and not the Guidelines relating to crack cocaine. *Id.* at 201. The facts in *Main* are markedly different from those in the case at hand, however. In *Main*, the Guideline range was 120 to 150 months. In spite of that range, the plea agreement provided that pursuant to Rule 11(c)(1)(C), the appropriate sentence would be "a term of imprisonment of not more than … 96 months." *Id.* at 202. The court in fact sentenced Maine to 84 months.

The agreed-upon sentence in *Main*, then, was well outside the applicable Guideline range; the parties, in fact, had agreed that the defendant's sentence was to be no less than 24 months less than the lowest possible Guidelines sentence. In other words, the sentence was based on other, non-Guideline-related factors. The Guidelines were thus not at all determinative, or even particularly influential, in arriving at the defendant's sentence.

The present case is more akin to the facts in another recent case from the Tenth Circuit, *United States v. Cobb*, 584 F.3d 979 (2009). In that case, the Tenth Circuit reversed the trial court's decision that it had no jurisdiction to make the reduction because of a Rule 11(c)(1)(C) agreement. There, the parties stipulated that the sentence would be within the agreed-upon Guidelines range, which happened to be 168 to 210 months. The district court sentenced Cobb to 168 months. After the Guidelines for crack were amended, Cobb sought a modification pursuant to § 3582(c)(2), but the district court denied the motion on the ground that the Rule 11(c)(1)(C) agreement precluded such a reduction.

As noted, the Tenth Circuit disagreed and remanded for further proceedings. In so doing, the court observed that the "[d]efendant's sentencing disposition was tied to the guidelines at every step," and in particular, that "the parties' negotiations and the stipulated sentence focused on the later-lowered sentencing range." 584 F.3d at 983. "In other words," the court stated, "the parties negotiated the stipulated sentence to be a guideline-range sentence." *Id.*

The court also reasoned that Rule 11 pleas were categorically removed from the reach of § 3582, "it would perpetuate the very disparity § 3582 and the retroactive application of Amendment 706 were meant to correct," since "all defendants who entered Rule 11 pleas before the effective date of the amendment would be left serving greater sentences [than those who pled guilty afterwards] on the now-rejected grounds of the 100–to–1 powder-to-crack cocaine ratio." *Id.* at 985. The Tenth Circuit concluded that it would "hold truer to the language of § 3582(c)(2)" by deciding that "the district court has authority to reduce sentences imposed pursuant to Rule 11 pleas where, as here, the sentence was based at least in part on the then-applicable sentencing range." *Id.*

In the instant case involving Glenn Fruster, the original agreement was clearly based on and related to the then-existing Guidelines. Unlike *Main*, the sentence was not set outside the applicable Guideline range, but was explicitly tied to the Guidelines. Under these circumstances, I believe that Fruster was sentenced originally "based on a sentencing range that has subsequently been lowered." Section 3582(c)(2). Therefore, I believe this Court does have jurisdiction, in its discretion to reduce the sentence and under all the circumstances, I believe that the appropriate sentence should be at the low end of the new Guideline range, 130 months. I therefore order that defendant's sentence be reduced accordingly. Except as provided, all other provisions of the original Judgment of May 23, 2006, shall remain in effect.

## CONCLUSION

Defendant Glenn Fruster's motion for reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2) is granted. Defendant's previously imposed sentence of 147 months is reduced to 130 months. Except for this modification, all provisions of the Judgment dated May 23, 2006 shall remain in effect.

IT IS SO ORDERED.