08-3418-cr
USA v. Strickland

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7ᵗʰ day of January, two thousand and ten.

PRESENT:

> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                                           No. 08-3418-cr

RONNIE L. BOSWELL, also known as Cutler,
also known as Cutty, also known as Cut,
also known as C,

*Defendant,*

GEORGE T. STRICKLAND, also known as Big
George, also known as Big G, also known
as G,

*Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

1

FOR APPELLANT:          George Strickland, *pro se*, Lewisburg, PA.

FOR APPELLEE:           Kathleen M. Mehltretter, Acting United States Attorney, and Stephan J. Baczynski, Assistant United States Attorney, United States Attorney's Office, Western District of New York, Buffalo, NY.

        Appeal from a May 12, 2008 order of the United States District Court for the Western District of New York (David G. Larimer, *Judge*).

        **UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED**.

        Appellant George T. Strickland entered into a so-called "binding" plea agreement with the United States under Federal Rule of Criminal Procedure 11(c)(1)(C) and, in accordance with that agreement, pleaded guilty in the District Court to crimes relating to the distribution of crack cocaine. The District Court accepted the Rule 11(c)(1)(C) agreement and sentenced appellant principally to a 163-month term of imprisonment.

        Following appellant's conviction, the United States Sentencing Commission amended the United States Sentencing Guidelines as they apply to crack cocaine offenses. *See United States v. Main*, 579 F.3d 200, 202 (2d Cir. 2009). Appellant then moved in the District Court for a reduction of his sentence under 18 U.S.C. § 3582(c)(2), which provides that a court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The District Court granted appellant's motion and imposed a new term of imprisonment of 151 months.

        Appellant now appeals the District Court's order claiming that the District Court should have granted a greater reduction in appellant's sentence.

        The government argues that appellant was not entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2) because his original sentence was "based on" the Rule 11(c)(1)(C) plea agreement. *See Main*, 579 F.3d at 203. We need not consider this argument because the government did not appeal the District Court's order. *See Greenlaw v. United States*, 128 S. Ct. 2559, 2564 (2008) (under the "cross-appeal rule, . . . an appellate court may not alter a judgment to benefit a nonappealing party").

        Rather, even assuming, without deciding, that appellant was entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2), we conclude that the District Court's resentencing comported with 18 U.S.C. § 3582(c)(2) and § 3553(a). The reduced sentence fell within the revised sentencing range, as required by U.S.S.G. § 1B1.10(b)(2)(A) and *United States v. Savoy*, 567 F.3d 71, 73-74 (2d Cir. 2009). *See also* U.S.S.G. § 1B1.10(a)(3) ("[P]roceedings under 18 U.S.C. § 3582(c)(2) . . . do not constitute a full

2

resentencing of the defendant.").  It also satisfied the conditions of appellant's original plea agreement, avoiding questions about the District Court's ability to step outside that agreement.  We perceive no error among the issues presented by this appeal.

We have considered appellant's remaining arguments on appeal and find them to be without merit.

## CONCLUSION

For the foregoing reasons, the May 12, 2008 order of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

By _____

3