08-4898-cr
USA v. Maddox

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of January, two thousand ten.

PRESENT:
> WILFRED FEINBERG,
> ROBERT A. KATZMANN,
> > *Circuit Judges*,
> T.S. ELLIS, III,
> > *District Judge.*[*]

---

United States of America,

> *Appellee*,

> v.                                                          08-4898-cr

Derrick Maddox,

> *Defendant-Appellant*.

---

[*] The Honorable T.S. Ellis, III, of the United States District Court for the Eastern District of Virginia, sitting by designation.

FOR APPELLANT: Derrick Maddox, *pro se*, Fort Dix, N.J.

FOR APPELLEE: Kathleen M. Mehltretter, United States Attorney (Monica J. Richards, Assistant United States Attorney, *of counsel*, Lisa C. Chan, Law Student Intern, *on the brief*), Buffalo, N.Y.

Appeal from a judgment of the United States District Court for the Western District of New York (Larimer, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, to the extent this appeal purports to challenge the district court's order of June 10, 2008, the appeal is **DISMISSED** as untimely; to the extent the appeal is from the district court's order of September 22, 2008, that order is **AFFIRMED.** We presume the parties' familiarity with the facts and issues on appeal.

This Court must dismiss the portion of the appeal that challenges the district court's June 10, 2008 order denying Appellant's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) because the notice of appeal was untimely filed with respect to that order and the Government has raised the issue in its brief. *See United States v. Frias*, 521 F.3d 229, 234 (2d Cir. 2008) ("When the government properly objects to the untimeliness of a defendant's criminal appeal, Rule 4(b) is mandatory and inflexible.").

Although the appeal is timely with respect to the district court's September 22, 2008 order denying reconsideration of the June 10, 2008 order, Appellant's challenge to that order is without merit.[1] Appellant's argument that the district court improperly denied his 18 U.S.C.

---

[1] Because we have determined that the district court properly denied Appellant's motion for reconsideration, we need not determine whether that motion was timely filed in the district court. *See United States v. Canova*, 412 F.3d 331, 348 (2d Cir. 2005) (declining to consider a jurisdictional question not briefed by the parties because the record amply supported affirmance of the district court's disposition).

§ 3582(c)(2) motion based on a waiver of the right to file such a motion is unavailing. The district court did not deny his motion based on the waiver; rather, the district court denied the motion because Appellant had been sentenced pursuant to a Rule 11(c)(1)(C) plea agreement. Moreover, this Court has held that a defendant, such as Appellant, who was sentenced pursuant to a binding plea agreement made pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, is not entitled to a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). *See United States v. Main*, 579 F.3d 200, 202-03 (2d Cir. 2009).[2]

Accordingly, for the foregoing reasons, this appeal is **DISMISSED** as untimely as to the district court's June 10, 2008 order, and the district court's September 22, 2008 order denying reconsideration is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____

---

[2] Judge Ellis wishes to acknowledge that this holding is contrary to his opinion in *United States v. Dews*, 551 F.3d 204 (4th Cir. 2008) (rehearing *en banc* granted February 20, 2009, rehearing *en banc* dismissed as moot May 4, 2009). Judge Ellis also recognizes that, sitting by designation on the Second Circuit, he is bound by this Circuit's controlling authority in *Main*.

3