09-1406-cr
USA v. Chavez

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19ᵗʰ day of January, two thousand and ten.

PRESENT:

> AMALYA L. KEARSE,
> JOSÉ A. CABRANES,
> *Circuit Judges*,
> RICHARD K. EATON,[*]
> *Judge*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

>               *Appellee*,

>       v.                                                         No. 09-1406-cr

BOLIVAR AVILA CHAVEZ, a/k/a Boli,

>               *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[*] The Honorable Richard K. Eaton, of the United States Court of International Trade, sitting by designation.

1

FOR APPELLANT:            DAVID A. LEWIS, Federal Defenders of New York, Inc., New York, NY.

FOR APPELLEE:            SYLVIA S. SHWEDER, Assistant United States Attorney (Benton J. Campbell, United States Attorney, and Emily Berger, Assistant United States Attorney, *on the brief*), Office of the Untied States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a March 19, 2009 order of the United States District Court for the Eastern District of New York (Raymond J. Dearie, *Chief Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED**.

Appellant Bolivar Avila Chavez entered into a so-called "binding" plea agreement with the United States under Federal Rule of Criminal Procedure 11(c)(1)(C) and, in accordance with that agreement, pleaded guilty in the District Court to crimes relating to the distribution of crack cocaine. The District Court accepted the Rule 11(c)(1)(C) agreement and sentenced appellant to a 144-month term of imprisonment as called for in the agreement.

Following appellant's conviction, the United States Sentencing Commission amended the United States Sentencing Guidelines by instituting a two-level, retroactive reduction to the offense level for crimes relating to crack cocaine. *See United States v. Main*, 579 F.3d 200, 202 (2009). Appellant then moved in the District Court for a reduction of his sentence under 18 U.S.C. § 3582(c)(2), which provides that a court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The District Court denied appellant's motion.

On appeal, appellant claims that the District Court erred by declining to reduce his sentence under 18 U.S.C. § 3582(c)(2). We disagree and affirm the District Court's order.

Here, the Rule 11(c)(1)(C) agreement provided for a "specific sentence of 12 years (144 months)" and further provided that "[t]he defendant's sentence, *other than the agreed upon term of incarceration*, is governed by the United States Sentencing Commission Guidelines" (emphasis added). At appellant's sentencing hearing, appellant's attorney argued that the District Court should adhere to the 144-month sentence set forth in the Rule 11(c)(1)(C) agreement "as opposed to the higher sentence that was recommended by the Probation Department." The District Court decided to "abide by the terms of [the Rule 11(c)(1)(C)] agreement and impose the agreed-upon sentence." Appellant's sentence, therefore, was "'based on' his Rule 11(c)(1)(C) agreement with the government, and not a sentencing range that the Sentencing Commission subsequently lowered." *Main*, 579 F.3d at 203. As a result, "the district court was without authority to reduce the sentence pursuant to 18 U.S.C. § 3582(c)(2)." *Id.*

2

**CONCLUSION**

We have considered all of appellant's arguments on appeal and have found them to be meritless.  For the foregoing reasons, the March 19, 2009 order of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

By _____