08-3626-cr
*United States v. Jeffrey Lorenzo, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of April, two thousand ten.

PRESENT:

DENNIS JACOBS,
    *Chief Judge*,
ROGER J. MINER,
DEBRA ANN LIVINGSTON,
    *Circuit Judges.*

---

UNITED STATES OF AMERICA,
  *Appellee*,

-v.-         No. 08-3626-cr
            NAC

ALEX TERON, RAMON ROJAS, ISRAEL ANDUJAR, FERNANDO ARTAVIA, SHAWNDELL ASKEW, SHIRLEY BRADLEY, JASON CALVO, VICTOR CARRASQUILLO, JUAN REYNOSO, SHANNON DOUCETTE, EDWIN GONZALEZ, JOSUE MEDINA, JASON RIVERA, VICTOR RIVERA, also known as Daisy, KERRY WARD,
  *Defendants*,

JEFFREY LORENZO,
  *Defendant-Appellant*.

---

Michael J. Gustafson, Sandra S. Glover, Assistant United States Attorneys, *on behalf of* Nora R. Dennehy, Acting United States Attorney, District of Connecticut, *for Appellee*.

Erskine D. McIntosh, Hamden, CT, *for Defendant-Appellant*.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be AFFIRMED.

Defendant-appellant Jeffrey Lorenzo appeals from an order of the United States District Court for the District of Connecticut (Covello, *J.*), denying his motion to reduce his prison sentence. We assume the parties' familiarity with the underlying facts, procedural history, and specification of the issues on appeal, which we reference only as necessary to explain our decision.

On March 31, 2008, *pro se*, and again on April 25, 2008, through counsel, Lorenzo filed motions to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), which allows such motions by a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The court denied these motions in an order dated May 13, 2008, and further denied two successive motions to reconsider. Lorenzo argues that he is eligible for a reduced sentence under U.S.S.G. § 1B1.10, effective March 3, 2008, which retroactively reduced by two levels the base offense level for crack cocaine offenses covered by U.S.S.G. § 2D1.1. *See* U.S.S.G. supp. to app. C, amend. 706 (2008) ("Amendment 706," revising the drug quantity table for U.S.S.G. § 2D1.1); U.S.S.G. supp. to app. C, amend. 713 (2008) (retroactively applying § 2D1.1 revisions).

"We review *de novo* the determination of whether [a defendant's] sentence was 'based on a sentencing range that has subsequently been lowered by the Commission,' because this determination is a matter of statutory interpretation." *United States v. Main*, 579 F.3d 200, 202-03

(2d Cir. 2009). In order for a defendant to be eligible for a sentence reduction, section 3582(c)(2) requires both that the defendant be originally sentenced based on a sentencing range that has subsequently been lowered and that a reduction be consistent with applicable policy issued by the Sentencing Commission ("Commission"). 18 U.S.C. § 3582(c)(2). In turn, the Sentencing Guidelines ("Guidelines") instruct the district court as follows:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines [given retroactive effect] had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the [retroactive amendments] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.10(b)(1). Moreover, "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). *See United States v. McGee*, 553 F.3d 225, 227 (2d Cir. 2009).

When Lorenzo was sentenced on August 15, 2003, the district court calculated his Guidelines range based upon an adjusted offense level of 25 and a criminal history category of VI, for a range of 110 to 137 months. Lorenzo was sentenced at the bottom of the range, to 110 months. Lorenzo now asserts that he is eligible for a reduction in his total offense level to 23, which would result in a new Guidelines range of 92 to 115 months.

The district court correctly determined that Lorenzo is ineligible for a sentence reduction pursuant to section 3582(c)(2), because his Guidelines range following the revisions in Amendment 706 is in fact unchanged. It is true that this amendment reduced Lorenzo's quantity-determined base

offense level from 32 to 30. But at the time of his original sentencing, Lorenzo's base offense level was already capped at 30, pursuant to U.S.S.G. § 2D1.1(a)(3), because of the mitigating role adjustment to which he was entitled under U.S.S.G. § 3B1.2. Substituting the amended Guidelines provision for the one in effect at the time of Lorenzo's sentencing results in no change to his offense level – and no change to his Guidelines range – because he cannot derive any benefit from the level 30 cap once Amendment 706 has already lowered his offense level to 30. After adding the other reductions for which Lorenzo qualified at the time of his sentencing, his adjusted offense level remains 25. Accordingly, he is not eligible for a sentence reduction under section 3582(c)(2).

For the foregoing reasons, the order of the district court is hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk