*15-2001* (cr)
*United States v. Turner*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of May, two thousand sixteen.

Present:

> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                      15-2001-cr

TRACY TURNER,

> *Defendant-Appellant.*

_____

For Appellee:                          JOSEPH J. KARASZEWSKI, Assistant United States Attorney, for William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

1

For Defendant-Appellant: MARYBETH COVERT, Hillary Kaine Green (*on the brief*), Federal Public Defender's Office of the Western District of New York, Buffalo, NY.

**UPON DUE CONSIDERATION WHEREOF** it is hereby **ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED**.

The Defendant-Appellant, Tracy Turner, was originally sentenced to 84 months' imprisonment after pleading guilty to a single count of conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846. The factual basis for the plea included an admission that the quantity of cocaine involved was not less than 50 kilograms nor more than 150 kilograms. On November 1, 2014, the Sentencing Commission amended the guidelines pertaining to United States Sentencing Guidelines ("USSG") § 2D1.1(c), reducing the base offense level for possession of 50 kilograms to 150 kilograms of cocaine by two points. *See* USSG § 2D1.1(c); USSG. Supp.App. C, Amdt. 782. The Sentencing Commission subsequently made the reduction retroactive. *See* USSG § 1B1.10; USSG Supp.App. C, Amdt. 788. In light of the retroactively applicable lower base offense level for the drug quantity involved in his conviction, Turner moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2), in particular seeking a downward departure from the now-applicable guidelines range in an amount comparable to that which the district court initially awarded. On June 10, 2015, the district court for the Western District of New York (Larimer, *J.*), denied the motion, leaving Turner's original 84-month sentence intact, and Turner timely appealed. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

"[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant or the Director of the Bureau of Prisons,

2

or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  In determining whether to reduce a defendant's sentence pursuant to § 3582(c)(2), a district court follows a two-step process: it "must first determine that a reduction is consistent with § 1B1.10 [containing the Commission's relevant policy statements]" – in other words, that the defendant is *eligible* for a reduction – and it must second "consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010).

On appeal, we review a district court's determination under the first step – whether a defendant is eligible for a sentence reduction – *de novo*, *United States v. Main*, 579 F.3d 200, 202-03 (2d Cir. 2009), and we review the district court's decision under the second step – whether a reduction is warranted, in whole or in part – for abuse of discretion, *United States v. Borden*, 564 F.3d 100, 101 (2d Cir. 2009).  Neither the Government nor the district court disputed Turner's eligibility for a reduction; thus we review the district court's decision not to grant Turner's motion for a reduction for abuse of discretion.

"A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *Id.* at 104 (quoting *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008)) (alteration omitted) (affirming a district court's decision not to order a reduction, even where the government did not oppose reduction and the defendant's Bureau of Prisons "caseworker had determined that [the defendant] did not pose a threat to society," on the basis that "the District Court was acting well within its authority in deciding that, based upon

3

Borden's extensive criminal history, a sentence of ninety-six months imprisonment was appropriate," *id.*).

On appeal, Turner offers three reasons why the district court abused its discretion: Turner first argues that the district court misperceived the nature of his motion. We disagree. A review of the district court's order makes clear that it did not misperceive the nature of Turner's motion: the district court properly cited to the "factors under 18 USC § 3553(a)" as the basis of its decision, A 84, before determining, on the basis of those factors and an assessment of the equitable considerations that informed its initial sentencing determination, that "the 84 month sentence should remain intact," *id.* Further, Turner's argument misunderstands the nature of the district court's discretionary inquiry: because the district court must decide whether, as an objective matter, it believes a lower sentence would be appropriate, regardless of the relative placement of that sentence in relation to the now-lowered guidelines – it must necessarily look to the factors under § 3553(a) as well as other equitable considerations, and may plausibly refer to its inquiry as determining whether "further reduction" is warranted.

Second, Turner argues that the district court's determination not to order a reduction ran contrary to relevant policy objectives of the Sentencing Commission, and thus was arbitrary and irrational. However, while the language in the Sentencing Commission amendments that Turner cites explains why a defendant in Turner's position is *eligible* for a reduction, nothing in 18 U.S.C. § 3582(c)(2) or the Commission's policy statements removes a district court's discretion to determine, on the facts of any given case, whether to order a reduction upon retroactive application of an amendment. *See Borden*, 564 F.3d at 104 ("Because the statute states that a district court *may* reduce the term of imprisonment, it clearly allows for a district court to exercise its discretion when considering a motion to reduce a sentence brought pursuant

4

to § 3582(c)(2)."); Commentary to USSG § 1B1.10, Background ("The authorization of . . . a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not *entitle* a defendant to a reduced term of imprisonment as a matter of right." (emphasis added)). Turner's invocation of the Sentencing Commission's policy objectives, then, without more, is insufficient to show that the district court abused its discretion.

Finally, Turner argues that "[t]he Order denying Mr. Turner's motion . . . misrepresents his original sentence as one that was not 'based on' the guideline and in this sense is irrational." Appellant Br. at 27. The district court indeed noted, in denying Turner's motion for a reduction, that "[t]he sentence [originally] imposed was based on [the relevant equitable considerations and] had very little to do with the then-applicable Guideline range." A 84. Further, Turner is right that both the Government and Turner discussed the sentence in terms of the degree of downward departure from the relevant guidelines range in their submissions to the district court prior to the original sentencing. However, the district court, in determining the initial sentence, did not indicate that it had in mind any specific percentage- or level-based reduction of the guidelines amount. Instead, it explained its sentence of 84 months not in terms of a percentage- or level-based reduction, but as, in the district court's estimation, an appropriate sentence notwithstanding that it was significantly lower than the then-applicable guidelines range. *See* A 67 ("[T]hrough the 41 years of your life you've had several run-ins with the law, and this most recent one a very serious one. So I think the Court has to recognize that also, by that I mean the conduct that brought you here and for which the Court must impose a sentence. So I will . . . sentence below the guideline range and, in fact, below the 168 months agreed upon sentence. I am going to sentence you a little lower than the Government has recommended, and

5

the sentence is a sentence of 84 months."). The district court was well within its authority to select 84 months as an appropriate sentence based on the equities – not because it was a specific number of months below the guidelines range, but because the district court believed it to be, notwithstanding the guidelines range, an appropriate number of months for Turner to serve. In other words, this third objection to the district court's decision makes the same mistake as the first one: it ignores the fact that the district court's discretionary inquiry involves not only assessing the sentence as a relative matter (i.e., taking into consideration the sentence's relation to the applicable guidelines range) but also assessing the sentence as an objective matter – i.e., regardless of the guidelines range, arriving at a number of months that seems to the court to be appropriate. It was thus not an abuse of discretion for the district court to conclude, based on the same factors that informed its first decision – namely, its perception of Turner's criminal history, the severity of his crime, evidence of his rehabilitation, and any other relevant considerations – that 84 months remained an appropriate sentence, despite the fact that the guidelines range, which the district court had already sentenced well below, was now itself lower.

Accordingly, and finding no merit in Turner's remaining arguments, we **AFFIRM** the order of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk