16-0433-cr
*United States v. Diaz*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of December, two thousand sixteen.

PRESENT:
> JOHN M. WALKER, Jr.,
> PETER W. HALL,
> DENNY CHIN,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                          16-0433-cr

LUIS DIAZ,

> *Defendant-Appellant*,

GREGORY COLLAZO, VICTOR ALVAREZ, JUAN DIAZ, LUIS CORDERO, MIGUEL RAMOS, AKA "Mike," PEDRO OQUENDO, AKA "El Grande," AUREO GONZALEZ, CARMELO PACHECO, AKA "Papa Pericho," ALBERTO RODRIGUEZ, ROBERT MERCADO, MICHAEL WARD, AKA "Black Mike," VICTORIA ALVERIO, AKA VICTORIA MORA, AKA "Evelyn,"

> *Defendants.*

---

For Appellee:  ANDREA SURRATT AND BRIAN BLAIS, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York.

For Defendant-Appellant:  YUANCHUNG LEE, Esq., Federal Defenders of New York, Inc.

Appeal from a judgment of the United States District Court for the Southern District of New York (Preska, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Luis Diaz appeals from an order of the United States District Court for the Southern District of New York (Preska, *J.*), denying his motion for a sentence reduction. Diaz was originally sentenced to 360 months' imprisonment for multiple drug related offenses and, under 18 U.S.C. § 924(c), to 60 months, to be served consecutively, for the use of a firearm in connection with a drug trafficking offense. Although Diaz was only sentenced on one § 924(c) count for using a single firearm on one occasion, he was in fact convicted by a jury of three separate § 924(c) violations.

Following the amendment of § 2D1.1(c) of the United States Sentencing Guidelines ("U.S.S.G.") on November 1, 2014, reducing the base offense level for controlled substances, *see* U.S.S.G. § 2D1.1(c); U.S.S.G. Supp. App. C, Amend. 782, Diaz moved pursuant to 18 U.S.C. § 3582(c)(2) for a reduction in his sentence. Because the amendment to § 2D1.1(c) functioned to reduce his total offense level by two levels, he sought to be resentenced based on a reduced Guidelines range. On January 22, 2016, the district court for the Southern District of New York, denied the motion, leaving Diaz's original sentence intact. Diaz timely appealed. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

2

On appeal, Diaz asserts that the district court abused its discretion in denying his motion for a sentence reduction. First, he claims the court erred in assessing the evidence by finding he had possessed multiple firearms on multiple occasions despite the fact he was only sentenced for using one firearm on one occasion. Second, Diaz argues the court unreasonably relied on his past criminal history and failed to give appropriate weight to his age. We disagree.

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Section 3582(c)(2) provides an exception, however, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Under those circumstances, a district court "*may* reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (emphasis added).

In determining whether to grant a defendant's motion for a sentence reduction pursuant to § 3582(c)(2), district courts employ a two-step approach. *Dillon*, 560 U.S. at 827. First, the court must evaluate whether the defendant is *eligible* for a sentence reduction. *Id.* In determining whether a defendant is eligible for a reduction, "the court shall determine the amended guideline range that would have been applicable to the defendant if the [relevant amendment] had been in effect at the time the defendant was sentenced. In making such determination, the court shall . . . leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). Second—if the defendant is determined eligible for a reduction—the court is required to "consider any applicable § 3553(a) factors and determine whether, in its

3

discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.

This Court reviews *de novo* whether a defendant is eligible for a sentence reduction. *United States v. Main*, 579 F.3d 200, 202–03 (2d Cir. 2009). We review a denial of a motion to reduce a defendant's sentence under § 3582(c)(2) for abuse of discretion, *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009), noting here that the Government does not dispute Diaz's eligibility for a reduction.

"A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (internal citations, quotation marks, and alterations omitted). Diaz principally challenges the district court's assessment of the evidence. He argues specifically that "Judge Preska clearly erred in believing that Mr. Diaz was guilty of using multiple firearms on multiple occasions . . . simply because the judgment of conviction showed that he was convicted of three § 924(c) counts." Diaz contends that, because he was ultimately sentenced on only one § 924(c) count involving the use of a single firearm on one occasion, the district court's denial of his motion was based on an erroneous assessment of the evidence. This argument is without merit.

The district court did not exceed the bounds of its discretion in concluding that Diaz presents a risk to the public based on his use of firearms in connection with his underlying drug offenses. The trial record clearly indicates that—despite being sentenced on only one § 924(c) count—Diaz was indeed convicted of three § 924(c) counts. Moreover, the PSR demonstrates that Diaz had possessed and used multiple firearms in connection with the drug trafficking offenses. Diaz even concedes as much in his brief. It is inconsequential whether the district

4

court based its decision on the judgment of conviction or some other aspect of the record. *Cf.*

*United States v. Carr*, 557 F.3d 93, 107 (2d Cir. 2009) ("In the absence of record evidence

suggesting otherwise, we presume that the district court has faithfully discharged its duty to

consider the § 3553(a) factors.").

Similarly, the district court did not exceed the bounds of its discretion in considering

Diaz's history of assaultive behavior. Under the second prong of the sentence-reduction

analysis, the court must consider any relevant § 3553(a) factors and determine, in its discretion,

whether a reduction is warranted. This is precisely what the court did here, as it considered

Diaz's "history and characteristics." *See* 18 U.S.C. § 3553(a)(1). The district court's ruling

indicates that it considered Diaz's criminal history, as outlined in the PSR, and was specifically

troubled by four instances of violent sexual assaults. Given the nature of such conduct, it cannot

be said that the court abused its discretion in deciding that Diaz posed a risk to public safety. *See*

*Borden*, 564 F.3d at 104 (concluding district court did not abuse its discretion in denying motion

for sentence reduction because the court's decision was based in large part on defendant's

"consistent and constant violation of the law and accordingly the need to protect society.").

Further, the district court's conclusion is not undercut by Diaz's "exceptionally good

conduct" while incarcerated. *Cf. id.* ("Though it is true that the USPO's supplemental report

noted that [defendant's] BOP caseworker had determined that he did not pose a threat to society,

the District Court was acting well within its authority in deciding that, based upon [the

defendant's] extensive criminal history," his original sentence remained appropriate).

Finally, there is nothing to suggest that the district court failed to consider Diaz's age in

ruling on his motion, or that such a failure would have been an abuse of discretion. Considering

5

Diaz's history of violent assaults, although they occurred some time in the past, the district court did not abuse its discretion in finding Diaz posed a threat to public safety.

We have considered Diaz's remaining contentions on appeal and determined they are without merit. For the reasons stated herein, the district court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk