16-0348-cr
*United States v. Gonzalez*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of January, two thousand seventeen.

PRESENT:
> PETER W. HALL,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges*,
> J. PAUL OETKEN,[*]
> > *District Judge*.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                                              16-0348-cr

RUDI GONZALEZ,

> *Defendant-Appellant*,

VICTOR JOSE COSTE-DIAZ, AKA Victor Coste-Diaz,

> *Defendant*.

_____

---

[*] Judge J. Paul Oetken, of the United States District Court for the Southern District of New York, sitting by designation.

For Appellant:                                COLLEEN P. CASSIDY, Esq. Federal Defenders of New York, Inc., New York, NY.

For Appellee:                                DANIEL B. TEHRANI AND MICHAEL FERRARA, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Keenan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Gonzalez appeals from the district court's order granting, in part, his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). Following Amendment 782 to the United States Sentencing Guidelines, Gonzalez sought to reduce his sentence to 151 months' imprisonment. The district court found Gonzalez eligible for a reduction and granted his motion but reduced his sentence only to 180 months' incarceration rather than the requested 151 months. Gonzalez contends that the district court abused its discretion when it reduced his sentence because it provided no reasons "whatsoever" in support of its 180-month sentence. Instead, Gonzalez asserts, the only factors discussed by the court were mitigating factors supporting a further reduction. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

This Court reviews *de novo* whether a defendant is eligible for a sentence reduction. *United States v. Main*, 579 F.3d 200, 202–03 (2d Cir. 2009). We review a denial of a motion to reduce a defendant's sentence under § 3582(c)(2) for abuse of discretion, *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009), noting here that the Government does not dispute Gonzalez's eligibility for a reduction. "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be

2

located within the range of permissible decisions." *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks, citations, and alterations omitted).

In determining whether to grant a defendant's motion for a sentence reduction pursuant to § 3582(c)(2), district courts employ a two-step approach. *Dillon v. United States*, 560 U.S. 817, 827 (2010). First, the district court must evaluate whether the defendant is eligible for a sentence reduction. *Id.* In determining whether a defendant is eligible for a reduction, "the court shall determine the amended guideline range that would have been applicable to the defendant if the [relevant amendment] had been in effect at the time the defendant was sentenced. In making such determination, the court shall . . . leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). Second—if the defendant is then eligible for a reduction—the court is required to "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827. Gonzalez contends that because the factors the district court relied on in reducing his sentence are all mitigating factors that favor a further reduction, the court abused its discretion in sentencing him to 180 months rather than the requested 151 months. We disagree.

Whether the district court noted factors that may be characterized as "mitigating" is of no consequence here. What is important is that the district court clearly noted that it was required to consider the § 3553(a) factors in determining the extent to which Gonzalez's sentence should be reduced as well as considerations of public safety. The court then carried out its statutory obligation and discussed a number of factors justifying a reduction in Gonzalez's sentence. Specifically, the court considered that Gonzalez behaved well in custody, completed several courses while incarcerated, and had no prior arrests or history of violence. It also acknowledged that Gonzalez's crime did not involve violence of any kind. Because the district court clearly articulated a number of

3

relevant sentencing factors, therefore, it properly exercised its discretion in determining to reduce Gonzalez's sentence. *See* 18 U.S.C. § 3553(a); *cf. United States v. Verkhoglyad*, 516 F.3d 122, 129 (2d Cir. 2008) ("While our review is undoubtedly made easier if a district judge explicitly references the § 3553(a) factors, we have declined to prescribe any specific verbal formulations to demonstrate the adequate discharge of the duty to consider matters relevant to sentencing." (internal quotation marks and alterations omitted)).

Gonzalez's argument that such factors support a further reduction is better construed as an objection to the weight the district court assigned to the factors it found determinative. It is clear, however, that "the weight to be afforded any § 3553(a) factor is a matter firmly committed to the discretion of the sentencing judge and is beyond our review, as long as the sentence ultimately imposed is reasonable." *Verkhoglyad*, 516 F.3d at 131 (internal quotation marks omitted). A mere disagreement with the manner in which the court has applied the § 3553(a) factors is likewise insufficient to demonstrate an abuse of discretion. *See United States v. Raysor*, 369 F. App'x 294, 296 (2d Cir. 2010) (explaining that expressing a mere disagreement "with the manner in which the court applied the § 3553(a) factors when resolving" § 3582(c)(2) motions is "insufficient to warrant relief from this Court").

Gonzalez's reliance on *United States v. Christie* is similarly unavailing. Here, unlike in *Christie*, the district court clearly articulated its reasons for the reduced sentence it imposed. *Cf. United States v. Christie*, 736 F.3d 191, 195 (2d Cir. 2013) (vacating and remanding district court's denial of defendants motion for a sentence reduction where the court "provided no explanation as to why it declined to reduce [the defendant's] sentence."). Because the district court's articulation of its reasons for reducing Gonzalez's sentence only by 36 months to 180 months' imprisonment was clearly adequate, we conclude the district court did not exceed the bounds of its discretion in imposing the new sentence it did.

We have considered Gonzalez's remaining arguments on appeal and find them to be without merit. For all the foregoing reasons, the district court's order reducing Gonzalez's sentence is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk